This is an application for preliminary injunction to restrain the governing body of the township of Hanover in *Page 739 
the county of Morris, and the board of health of said township, from taking further official action on the applications of two cemetery associations for approval of cemetery locations in the new township of East Hanover which was recently set off from the township of Hanover by act of the legislature duly adopted by the voters of the new township; and from taking further action or certain ordinances now pending before the defendant township committee in connection with said application.
The bill is based upon a charge of unconscionable conduct on the part of the members of the township committee and of the board of health in connection with these cemetery applications; also on the further ground that, inasmuch as the meeting at which it is proposed to consider said ordinances on final passage will not be held until June 5th, and that on the following day an election will be held in the new township of East Hanover to select the officials for that municipality, the officials of the defendant township ought not, in good conscience, take any action which would tie the hands of the officials of the new township when elected, and which, in effect, because of the law exempting from taxation lands dedicated to cemetery purposes, would remove a considerable acreage from the taxable properties of the new municipality.
The allegations of unconscionable conduct in connection with the cemetery applications involved in this suit are not sustained by the affidavits submitted in support of the motion when considered in connection with the answering affidavits. With respect to the proposed action on the pending ordinances by the defendant governing body, it need only be said that the power and authority of the old governing body with respect to the territory, property and citizens of the new municipality heretofore existing continue until the election and qualification of the officials of the new township. P.L. 1917 ch. 152 p. 319;2 Cum. Supp. Comp. Stat. p. 2073 § 502. The propriety of the exercise of those powers by the defendant committee on the eve of the election of the officials *Page 740 
of the new township is a matter of policy to be determined by the members of that committee themselves. While, to my mind, much might be said in condemnation, and little in justification, of such exercise of power, except in cases of emergent necessity, the statute having determined the time within which it may be exercised, the legal right is plain. It cannot be said that the mere exercise of that legal right is, in itself, unconscionable conduct; and with the exercise of such rights this court should not, in the absence of fraud or clearly unconscionable conduct, interfere. If, as is also argued, action by the defendant committee on the pending ordinances is illegal, the remedy at law by certiorari is entirely adequate.
Certain allegations in one of the affidavits submitted by the complainants on the return of the order to show cause issued herein ought not be passed without comment. These allegations comprise assertions of attempted extortion by a member of the defendant committee — a demand for money as the price of this member's vote in favor of an application of Hanover Corporation for approval of a cemetery location, which application, by the way, is not one of those here involved. That application was filed with the township committee by a company in which this affiant was interested, but was later withdrawn. These allegations and the inferences arising therefrom are vigorously denied by the committeeman charged and by his associates, and counter-charges of attempted bribery against this affiant are made. These charges and counter-charges have no place whatever in this proceeding as the conduct complained of does not concern either of the pending applications. They are obviously injected for the purpose of befogging the issue. They should be of prime interest to the prosecutor of the county of Morris, whose attention will be directed thereto.
The application for temporary injunction will be denied and the restraint imposed by the order to show cause vacated. *Page 741